The STATE of Ohio, Appellee,

v.

MINTZ, Appellant.

[Cite as *State v. Mintz* (1991), 74 Ohio App.3d 62.]

Court of Appeals of Ohio,
Wood County.

No. WD–90–4.

Decided May 10, 1991.

*Alan Mayberry*, Prosecuting Attorney, and *Mark Tolles*, for appellee.
*John P. Donahue*, for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the December 22, 1989 judgment of the Bowling Green Municipal Court which sentenced appellant for a violation of R.C. 2919.25, attempted domestic violence. On appeal, appellant asserts the following assignment of error:

"The trial court erred, as a matter of law, in denying defendant-appellant's motion to dismiss, contrary to Ohio Revised Code sections 2945.71(B)(2) and 2945.73(B); and in violation of defendant-appellant's right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article One, Section Ten of the Ohio Constitution."

On September 13, 1988, Dorothy A. Mintz filed a complaint against appellant, Paul Mintz, charging that he violated R.C. 2919.25 by knowingly causing or attempting to cause physical harm to a family member (Bonnie Mintz), on May 20, 1988. Dorothy Mintz filed a motion for a "temporary protection order" on September 15, 1988. Service of the complaint was not able to be made because the process server was recalled by the court. On September 28, 1988, a probable cause affidavit was filed by Jodi Sterns who stated that domestic violence charges were pending in both Wood and Lucas counties, that appellant had attempted to force his way into a domestic violence shelter where Mrs. Mintz was staying with her children, and that Mrs. Mintz came to the prosecutor's office seeking a restraining order against appellant because she was in fear for the safety of her children and herself. On September 29, 1988, a warrant for appellant's arrest based upon the complaint was issued. Appellant appeared in court on October 3, 1988, and accepted service of the warrant. Appellant was released on his own recognizance on the condition that he have no contact with Dorothy Mintz and her family. A hearing date was set for October 12, 1988. On October 4, 1988, appellant's counsel entered his appearance, entered a plea of not guilty on behalf of appellant, and waived the time for speedy trial from that date to the new court date (October 17, 1988).

On October 17, 1988, appellant appeared in court, changed his plea to no contest, and consented to the entry of a guilty verdict at a later date. The plea was conditioned upon appellant's admission into the Domestic Violence Diversion Program. A judgment entry was filed on October 17, 1988. In that order, appellant consented to entering the program, agreed to comply with the terms of a temporary protection order, waived his right to a jury trial, and waived his right to have the charges heard within the speedy trial time limits. If appellant satisfactorily completed the program and complied with the temporary protection order, the court held that it would dismiss the charges. If not, the court held that it would then convict appellant and impose a sentence. A final hearing date was set for February 28, 1989.

On December 21, 1988, a warrant was issued for the arrest of appellant based upon the report of the Wood County Mental Health Center and the Bowling Green City Prosecutor that, as of December 16, 1988, appellant had failed to comply with the court's order of October 17, 1988. Appellant was arrested and a hearing was set for December 28, 1988. Bond was also set. Appellant appeared on December 28, 1988 and the court ordered that appellant be readmitted into the Domestic Violence Diversion Program. A new hearing was set for June 26, 1989. By that order, appellant again consented to entering the program, complying with the temporary protection order, and

waiving his rights to a jury trial and having the charges heard within the speedy trial time limits.

On June 15, 1989, the court entered a *sua sponte* judgment entry scheduling a hearing for September 1, 1989, because appellant was not accepted into the Domestic Violence Diversion Program and failed to appear on February 28, 1989.

On July 10, 1989, appellant moved to dismiss the charges against him because he had attempted to comply with the court's order but was prohibited from completing the Domestic Violence Diversion Program by the program's coordinator.

On July 25, 1989, a bench warrant was issued because of appellant's failure to appear on February 28, 1989. At that time, the court took judicial notice of a new domestic violence charge filed July 11, 1989 against appellant and an old charge filed in 1982, which was dismissed on conditions. Appellant was arrested on July 25, 1989. The next day bond was set for an additional $5,000 conditioned upon appellant having no contact with Dorothy Mintz, Bonnie Mintz, and Deanna Hebert. A pre-trial conference was scheduled for August 4, 1989. On August 4, 1989, a review hearing was scheduled for September 8, 1989.

On August 8, 1989, the court rescheduled the hearing for September 26, 1989, which was the same date that another case against appellant was scheduled to be heard. On September 27, 1989, the court again rescheduled the review hearing for October 16, 1989 without explanation.

On October 12, 1989, appellant filed a motion to substitute counsel and vacate the hearing date. The following day, the court rescheduled the hearing for October 30, 1989. On October 23, 1989, appellant moved to consolidate, for hearing purposes, his motion to dismiss the charges and his motion to withdraw his no contest plea also filed October 23, 1989. Appellant sought to withdraw his plea because he was allegedly refused readmittance to the Domestic Violence Diversion Program on January 2, 1989, by its coordinator and told that the court would contact him regarding private counseling. By judgment entry dated October 24, 1989, appellant's motions were consolidated for hearing on October 30, 1989.

On October 30, 1989, appellant filed a motion to dismiss the charges on the ground that his statutory rights under R.C. 2945.71 and his constitutional rights guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitu-

tion[1] had been violated because appellant was not given a timely trial. Appellant argued that he had waived his right to a speedy trial up to June 26, 1989, the date set for the final hearing regarding the charges, and that one hundred eight days elapsed from that date to October 12, 1989.

On November 6, 1989, the court entered its judgment denying appellant's motion to dismiss the charges based on the alleged violation of appellant's speedy trial rights. The court found that the two waivers signed by appellant were not tied to a specific date and that appellant never filed a formal written objection and demand for a speedy trial after signing such waivers. In addition, the court granted appellant's motion to withdraw his plea, and the case was set for trial on November 22, 1989. By a separate order, the court granted appellant's motion to substitute counsel.

On November 22, 1989, the case was rescheduled for trial by jury on January 9, 1990. However, on December 22, 1989, the charge was changed to attempted domestic violence. Appellant pled no contest and consented to the entry of a guilty verdict. The court found appellant guilty and sentenced him. Appellant sought an appeal to this court from this order on January 12, 1990. On January 17, 1990, the court stayed the execution of appellant's sentence pending appeal.

Appellant argues on appeal that the charges in this case should have been dismissed because his statutory speedy trial rights had been violated.

Appellant entered a no contest plea to the charge of violating R.C. 2919.25, attempted domestic violence. There is nothing in the record which indicates that appellant had previously been convicted of a domestic violence offense or assault offense. Therefore, appellant was charged with a misdemeanor of the first degree.

R.C. 2945.71(B)(2) provides that a person charged with a misdemeanor of the first degree must be brought to trial within ninety days after his arrest or the service of summons. R.C. 2945.72 permits this time period to be extended only under certain circumstances identified therein. One such extension is for the period of any reasonable continuance granted other than upon the accused's motion. R.C. 2945.72(H).

R.C. 2935.36 governs pre-trial diversion programs such as the Domestic Violence Diversion Program involved in this case. That section provides that the accused who enters the program must waive, among other things, his right to a speedy trial in writing, contingent upon his successful completion of the program. R.C. 2935.36(B)(1). If the accused satisfactorily completes the

---

1. Apparently, appellant intended to claim his right under Section 10, Article I of the Ohio Constitution.

program, the prosecution shall recommend that the charges be dismissed, and the court shall dismiss the charges. R.C. 2935.36(C). If the accused does not agree to enter the program or violates the conditions of the agreement, he may be brought to trial on the charges. R.C. 2935.36(D). The waiver of appellant's rights pursuant to R.C. 2935.36(B)(1), shall be void as of the date the accused is removed from the program for violation of the conditions of the agreement. R.C. 2935.36(D).

In this case, appellant accepted service of the warrant for his arrest on October 3, 1988, and was released on his own recognizance the same day. The next day, appellant's counsel entered his appearance on appellant's behalf and waived appellant's right to a speedy trial for the period between October 4, 1988 and October 17, 1988. On October 17, 1988, appellant pled no contest and consented to participation in the Domestic Violence Diversion Program. Appellant expressly waived his right to a speedy trial. A final hearing date was set for February 28, 1989. Therefore, when the no contest plea was entered, no time had run with respect to appellant's speedy trial right.

Although appellant ceased participation in the program as of December 16, 1988, the court did not remove him from the program or determine that a violation of the agreement had been made until December 28, 1988. On that same day, appellant again consented to enter the program and waive his speedy trial rights. A final hearing was set for June 26, 1989.

On June 15, 1989, the court determined that appellant had not been accepted into the program and scheduled a hearing on the case. This finding constitutes, in essence, a finding of a violation of the agreement.

■ Appellant argues that the speedy trial time began to run as of June 26, 1989, the originally scheduled date for the final hearing. However, we find that appellant's waiver of his speedy trial rights was void as of June 15, 1989 because that was the day he was removed from the program by the court. Therefore, the issue which remains is whether the speedy trial time was tolled.

When a plea of no contest is entered, regarding a misdemeanor charge, the court may find the accused guilty or not guilty based upon the circumstances of the case. If the accused is found guilty, the court shall then sentence him. R.C. 2937.07.

■ The state argues that the entry of a plea of no contest automatically waives appellant's speedy trial rights as if it were a guilty plea. In support of this argument, the state cites to *State v. McAllister* (1977), 53 Ohio App.2d 176, 7 O.O.3d 247, 372 N.E.2d 1341. We find that the state's interpretation of this case is incorrect.

In *McAllister*, the accused pled no contest and was convicted on the same day. Later, the trial court permitted the accused to withdraw his plea, and the court vacated the conviction. The case then proceeded to trial and the accused was convicted by a jury. On the day of trial, the accused moved to have the charges against him dismissed based upon a violation of his speedy trial rights under R.C. 2945.71. The trial court denied the motion. On appeal, the appellate court upheld the trial court's decision. The appellate court held that the vacation of a conviction was analogous to the reversal of a conviction and remand for a new trial. Where a conviction is reversed and the case is remanded, the speedy trial rights are not applicable to the time within which the new trial must be heard. *State v. Gettys* (1976), 49 Ohio App.2d 241, 3 O.O.3d 286, 360 N.E.2d 735. Therefore, the appellate court concluded in *McAllister* that statutory speedy trial time limit applies only to the original trial. Furthermore, the appellate court implicitly held that the accused's speedy trial guarantee under the United States and Ohio Constitutions was not violated because the speedy trial time was tolled between the date the accused pled no contest *and was convicted* and the date the conviction was vacated. We find that it is clear that the court held in *McAllister* that the constitutionally guaranteed speedy trial time was tolled while the accused was convicted of the charges, not because of his plea of no contest.

Our view of the *McAllister* case is confirmed by a later decision rendered by the same appellate district court in *State v. McCormick* (1988), 41 Ohio App.3d 158, 534 N.E.2d 942. In the *McCormick* case, the court held that the accused's statutory speedy trial time limit had been violated. In that case, the accused challenged the indictment relating to one charge on the ground of double jeopardy. The trial court denied the accused's motion. On appeal, the trial court's decision was reversed, and the case was remanded to the trial court for further proceedings. After the case was remanded and the statutory speedy trial time had lapsed, the accused filed a motion to have the charges dismissed because of the violation of his statutory speedy trial right. The trial court denied that motion. The accused then pled no contest, was convicted, and was sentenced. The appellate court reversed the trial court's decision and held on appeal that (1) the accused had not waived his right to challenge his statutory speedy trial violation on appeal by pleading no contest (as would be the case involving a guilty plea), and that (2) the statutory speedy trial time was not extended where a case is merely remanded for further proceedings rather than a retrial.

However, neither of these cases directly addresses the question presented in the case before us, *i.e.*, whether the accused's speedy trial right was waived or tolled by entering a plea of no contest. We are unable to find any Ohio case

which has addressed this issue. We conclude that the accused does not waive his speedy trial rights by entering such a plea.

If the accused enters a guilty plea, it is clear under Ohio law that the accused waives his right to raise the speedy trial issue. *Montpelier v. Grenno* (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581. The key reason behind this rule must be that the possible dangers of an erroneous determination and the anxiety caused to the accused due to the delay are believed to be eradicated by the accused's confession of guilt. *Id.* at 172, 25 OBR at 213, 495 N.E.2d at 582. However, if a no contest plea is entered, the trial court need not necessarily find the accused guilty. The no contest plea merely eliminates the necessity of a trial to determine the facts of the case. The court must still determine the accused's guilt or innocence based upon the facts and the circumstances of the case. We conclude, therefore, that the entering of a plea of no contest does not toll the accused's speedy trial time limit under the statute and that the accused's innocence or guilt must be determined within that time limit.

We must further address the issue of whether the continuances in this case tolled the statutory speedy trial time.

The statutory extensions for the speedy trial time limit under R.C. 2945.72 are to be strictly construed against the state. *Aurora v. Patrick* (1980), 61 Ohio St.2d 107, 108, 15 O.O.3d 150, 151, 399 N.E.2d 1220, 1221. One such extension is for anytime "necessitated by reason of a * * * motion * * * made or instituted by the accused." R.C. 2945.72(E). Therefore, if a defendant files a motion to dismiss the charges against him, the time in which the defendant must be brought to trial is tolled until the motion is ruled upon. See *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 10 OBR 352, 356–357, 461 N.E.2d 892, 896.

In this case, the speedy trial time began to run as of June 15, 1989. On July 10, 1989, appellant filed a motion to dismiss the charges, which tolled the speedy trial time. This motion was consolidated with a subsequent motion filed October 30, 1989. Both motions were ruled upon on November 6, 1989. At that time, the speedy trial time began to run again until December 22, 1989, when appellant pled no contest and was found guilty. Since ninety days had not elapsed prior to the date appellant was convicted, appellant's statutory speedy trial right was not violated.

Both the United States Constitution and the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. See Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. See also, *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589, at paragraph one of the syllabus. While

R.C. 2945.71 *et seq.* and the constitutional provisions noted above are co-extensive, constitutional speedy trial rights may be broader. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d 218, 221. In addition, a waiver of statutory speedy trial rights may also constitute a waiver of constitutional speedy trial rights if the waiver is voluntarily and knowingly made. *Id.* at paragraph one of the syllabus. Therefore, we must also examine whether the appellant's constitutional speedy trial rights were violated in this case.

The essence of the constitutional guarantee is that a trial may not be unjustifiably delayed. *State v. Meeker, supra,* at paragraph three of the syllabus. In order to determine whether the defendant's constitutional rights have been violated, we must balance four factors: " 'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *State v. O'Brien, supra,* 34 Ohio St.3d at 10, 516 N.E.2d at 221, citing *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 117. See, also, *State v. Packard* (1988), 52 Ohio App.3d 99, 557 N.E.2d 808.

We have reviewed these factors in light of the circumstances of this case and find that appellant has failed to demonstrate a violation of his constitutional rights to a speedy trial.

Wherefore, we find appellant's sole assignment of error not well taken. The judgment of conviction entered by the Bowling Green Municipal Court is affirmed.

*Judgment affirmed.*

ABOOD and MELVIN L. RESNICK, JJ., concur.