OPINION
Defendant-appellant Michael Teague ("Teague") brings this appeal from the judgment of the Court of Common Pleas of Marion County finding him guilty of trafficking in cocaine.
On May 15, 1997, Teague was indicted on two counts of trafficking in cocaine. The first count indicated that Teague sold cocaine at the McDonald's Restaurant in Marion on March 19, 1997. The second count indicated that Teague also sold cocaine from an apartment in Marion on that same day. The case was tried before a jury on February 12, 2001. On February 13, 2001, the jury returned verdicts of guilty on both counts. Teague was then sentenced to six years in prison on each count, to be served concurrently. On May 1, 2001, Teague filed his appeal. This court dismissed that appeal for lack of a final appealable order. The trial court amended the judgment entry on April 8, 2002. Teague then filed an appeal from that entry on May 3, 2002.
Teague raises the following assignments of error.
 "The verdict and judgment in the trial court finding [Teague] guilty beyond a reasonable doubt of the crimes of trafficking in cocaine was against the manifest weight of the evidence."
 "The trial court erred in denying [Teague] his right to freely cross-examine the State's material witness, Darrel Philon, to impeach his credibility with evidence of conviction of crime."
 "The trial court erred in sentencing [Teague] for a felony of the second degree as to count XIV of the joint indictment where the evidence did not prove beyond a reasonable doubt that a juvenile was nearby at the time of the alleged sale of any controlled substance."
 "The trial court denied [Teague] his Sixth Amendment guarantee of speedy trial by the unreasonable and unnecessary delay in rendering judgment and sentence."
The first and third assignments of error both claim that the verdict was against the manifest weight of the evidence.
"In considering a manifest-weight claim, `[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" State v. Lindsey (2000),87 Ohio St.3d 479, 483, 721 N.E.2d 995.
Teague was charged with two counts of selling crack cocaine. The first transaction was alleged to have occurred in McDonald's Restaurant in the presence of children. The second transaction was alleged to have occurred at a house. The testimony of all of the State's witnesses was that the informant gave the money to Teague at these locations and Teague then supplied him with crack cocaine. Additionally, the informant who was working for the drug task force and who actually participated in the sales testified that when he was in McDonald's Restaurant and gave the money to Teague, there were children present. Teague then gave the informant the drugs in the parking lot outside the restaurant. Given the testimony of the witnesses, a reasonable juror could conclude that Teague was guilty of the offenses as charged. Thus, we do not find that a manifest miscarriage of justice has occurred. The first and third assignments of error are overruled.
In the second assignment of error, Teague claims that he should have been permitted to question Philon concerning his prior criminal convictions. "Subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted." Evid.R. 609(A)(1). "Under Evid.R. 609, the trial court has broad discretion to prohibit questioning about more than the `name, date and place of the conviction, and the punishment imposed, when the conviction is admissible solely to impeach credibility.'" State v. LaMar (2002), 95 Ohio St.3d 181, 214,767 N.E.2d 166 (citing State v. Amburgey (1987), 33 Ohio St.3d 115,515 N.E.2d 925).
Here, the trial court prohibited Teague from questioning Philon about the details of his criminal convictions. However, the trial court did permit Teague to question Philon about the name of the felonies, when they occurred, and the punishment received for each of them. Thus, the trial court did not abuse its discretion in limiting the cross-examination for the purposes of impeaching credibility of the witness. The second assignment of error is overruled.
Finally, Teague claims that the trial court violated his right to a speedy trial by the unreasonable delay by the trial court in entering judgment and sentencing Teague. The Sixth Amendment guarantees every defendant a right to a speedy trial. "The essence of the constitutional guarantee is that a trial may not be unjustifiably delayed." State v.Mintz (1991), 74 Ohio App.3d 62, 70, 598 N.E.2d 52. To determine whether a defendant's rights have been violated, there are four factors that must be considered: 1) length of delay, 2) reason for delay, 3) whether the defendant asserted the right, and 4) whether the defendant suffered any prejudice as a result of the delay. Id.
In this case, Teague's trial was held promptly within statutory time limits and on February 13, 2001, a jury found him guilty of two counts of trafficking in cocaine. On April 4, 2001, by entry journalizing the jury's guilty verdict, the trial court sentenced Teague to a term of imprisonment.
Teague now complains of the delay occurring after the trial court's sentencing entry from which entry he attempted an appeal. Another panel of this court found that entry lacked the finality required for appeal. The State sought and the panel denied reconsideration of this court's dismissal of that attempted appeal. Thereafter the trial court entered its judgment in accordance with the appellate opinion and judgment of dismissal.
We hold the original entry was sufficient to complete the trial and satisfy the requirements of the Sixth Amendment. Teague has not shown that he was prejudiced otherwise by the time expended in the proceedings thereafter in this court upon appeal.
The trial court sentenced Teague to serve a term of six years imprisonment upon the jury's finding of guilt. All the time that has elapsed while Teague has been in jail pending trial and in prison thereafter reduces the time to be served. The fourth assignment of error is overruled.
The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
SHAW, P.J., concurs.
 WALTERS, J., concurring in part and dissenting in part.