OPINION
{¶ 1} Appellant, Jeremy L. Madden, appeals from the judgment of the Franklin County Municipal Court denying his motion to dismiss on speedy trial grounds and finding him guilty of operating a vehicle under the influence of alcohol or drugs ("OVI"), pursuant to a no contest plea.
 {¶ 2} An Obetz police officer arrested appellant on May 13, 2004, and charged appellant with the following first-degree misdemeanors: (1) OVI, in violation of R.C. 4511.19(A); (2) driving without a license, in violation of R.C. 4510.12(A); and (3) fleeing, in violation of R.C. 2921.331(B). The police officer also charged appellant with the following minor misdemeanors: (1) obstructed plate, in violation of R.C. 4503.21(A); and (2) failure to wear a seatbelt, in violation of R.C. 4513.263. After arresting appellant, the police officer took appellant to jail.
 {¶ 3} While appellant was in jail, the trial court arraigned appellant on the above charges on May 14, 2004. Additionally, the trial court arraigned appellant on an unrelated complicity to drug trafficking felony charge. At the arraignment, an attorney from the Franklin County Public Defender's Office entered an appearance as appellant's counsel, and appellant pled not guilty to all charges and asserted his speedy trial rights.
 {¶ 4} On May 17, 2004, appellant posted bond and was released from jail. The trial court scheduled a pre-trial conference for May 26, 2004.
 {¶ 5} On May 26, 2004, appellant's public defender withdrew because appellant refused to fill out the requisite financial eligibility form and because appellant desired to retain private counsel. That same day, the trial court continued the pre-trial conference to July 1, 2004, noting in the continuance entry that appellant requested private counsel.
 {¶ 6} On July 1, 2004, the trial court set appellant's trial for August 9, 2004. Subsequently, on July 15, 2004, present counsel for appellant entered an appearance. On August 9, 2004, the trial court continued the trial to September 13, 2004, at appellant's attorney's request.
 {¶ 7} On September 10, 2004, appellant's attorney filed a motion to dismiss, claiming that the trial court and appellee, the State of Ohio, failed to bring appellant to trial pursuant to his Ohio statutory speedy trial rights, and his state and federal constitutional speedy trial rights. In the motion, appellant argued that speedy trial time did not toll from the May 26, 2004 continuance to the rescheduled July 1, 2004 pre-trial conference.
 {¶ 8} On September 13, 2004, the trial court rescheduled the trial to October 19, 2004, because the judge was ill and in the hospital. Afterwards, on October 19, 2004, the trial court issued a judgment entry that denied appellant's motion to dismiss. The trial court concluded that speedy trial time tolled from May 26, 2004 to July 1, 2004. The trial court reasoned that, after appellant's public defender withdrew on May 26, 2004:
* * * [Appellant] was asked what he wanted to do. The court's entry of May 26, 2004 reflects that the [appellant] requested a continuance to retain private counsel. The case was continued for another pretrial at [appellant's] request to retain private counsel until July 1, 2004.
Therefore, according to the trial court, speedy trial time tolled from May 26, 2004 to July 1, 2004, because appellant requested a continuance to retain private counsel.
 {¶ 9} Appellant then pled no contest to OVI on October 19, 2004. Appellee dismissed the remaining counts and the trial court sentenced appellant. Because the OVI constituted appellant's third offense in six years, appellant faced a minimum of 30 days in jail and a maximum of one year in jail. R.C.4511.19(G)(1)(c)(i). Here, the trial court imposed one year in jail with 185 days suspended.
 {¶ 10} Appellant appeals, raising two assignments of error:
1. The municipal court erred in finding that a continuance of a pretrial from May 26, 2004 to July 1, 2004 is exempted from consideration in the computation of speedy trial time, and therefore denying "Defendant's Motion To Dismiss For Denial Of Defendant's Constitutional And Statutory Rights To A Speedy Trial."
2. The municipal court erred in failing to record the proceedings of May 26, 2004.
 {¶ 11} We begin with appellant's second assignment of error, by which appellant asserts that we must reverse his OVI conviction because the trial court failed to record the May 26, 2004 court proceeding. We disagree.
 {¶ 12} Under Crim.R. 22, "all proceedings shall be recorded" "[i]n serious offense cases[.]" Pursuant to Crim.R. 2(C), a "serious offense" includes a misdemeanor "for which the penalty prescribed by law includes confinement for more than six months." Here, appellant's OVI charge carried a potential penalty of more than six months in jail. See R.C. 4511.19(G)(1)(c)(i). Therefore, pursuant to Crim.R. 2(C), appellant's OVI case constitutes a "serious offense" case. As such, Crim.R. 22 required the trial court to record all proceedings on appellant's OVI case, and we examine the implications of Crim.R. 22 with the May 26, 2004 court proceeding.
 {¶ 13} Similarly, under Crim.R. 17.1, "[i]n any case in which the defendant is not represented by counsel, any pretrial conference shall be conducted in open court and shall be recorded as provided in Crim.R. 22." As noted above, appellant's public defender withdrew on May 26, 2004, the pre-trial conference date. Thus, we also examine the implications of Crim.R. 17.1 with the May 26, 2004 court proceeding.
 {¶ 14} At oral argument, appellee argued that Crim.R. 22 and 17.1 recording requirements did not apply to the May 26, 2004 court proceeding because the trial court did not hold its scheduled pre-trial conference due to appellant's public defender withdrawing. In support, appellee relied on the section of Crim.R. 17.1 that states: "The court shall not conduct pretrial conferences in any case in which a term of imprisonment is a possible penalty unless the defendant is represented by counsel or counsel has been waived pursuant to Crim.R. 44."
 {¶ 15} We note that the trial court scheduled a pre-trial conference on May 26, 2004, "to give the parties an opportunity to discuss the case and provide meaningful insights into their respective positions." Crim.R. 17.1 confirms such objectives for pre-trial conferences and indicates that courts may schedule and conduct pre-trial conferences for parties "to consider such matters as will promote a fair and expeditious trial." Although the record is devoid of evidence that appellant, the prosecution, and the trial court actually discussed "meaningful insights into [the parties'] respective positions[,]" the trial court's October 19, 2004 judgment entry confirms that appellant nonetheless discussed "what he wanted to do" with his case after his public defender withdrew. While the judgment entry is unclear as to whether the trial court or the prosecution asked the above question to appellant, the above language in the judgment entry establishes the trial court's interest and involvement with the discussions about appellant's case.
 {¶ 16} In State v. McFadden (May 11, 1979), Lucas App. No. L-78-218, the Sixth District Court of Appeals recognized the applicability of Crim.R. 22 to a "`formal proceeding[,]'" which, in McFadden, was a preliminary hearing where testimony and discussions are "`taken in a judicial atmosphere.'" Id., quotingState v. Arrington (1975), 42 Ohio St.2d 114, 118. Here, appellant's discussions about his case took place during the May 26, 2004 court session and took place "in a judicial atmosphere." Accordingly, we conclude that appellant participated in a proceeding on May 26, 2004, and the Crim.R. 22 recording requirements applied to the May 26, 2004 court proceeding.
 {¶ 17} Furthermore, we conclude that the Crim.R. 17.1 recording requirements also applied because appellant's discussions about his case took place during the trial court's scheduled pre-trial conference after appellant's public defender withdrew. Given this scenario, we still apply Crim.R. 17.1 even though the parties failed to reach the ultimate goals of the pre-trial conference as stated by the trial court and in Crim.R. 17.1.
 {¶ 18} In so concluding, we emphasize that our opinion does not cover informal discussions or plea negotiations between attorneys before or during a pre-trial conference. See State v.Palmer (1997), 80 Ohio St.3d 543, 556 (holding that "out-of-court discussions between attorneys are not `proceedings' and need not be recorded.") Rather, our opinion stems from the issue before us: the discussions with appellant about which the trial court was privy, i.e., appellant discussing "what he wanted to do" with his case after his public defender withdrew.
 {¶ 19} The trial court's failure to adhere to the Crim.R. 22 and 17.1 recording requirements does not require us to automatically reverse appellant's conviction. See Palmer at 554. We need not reverse a defendant's conviction even though a trial court failed to adhere to particular Criminal Rules of Procedure recording requirements if the defendant fails to demonstrate on appeal that: (1) he or she either requested that the trial court record the proceeding at issue or objected to the trial court's failure to comply with the recording requirements; (2) he or she made an effort on appeal "to comply with App.R. 9 and to reconstruct what occurred or to establish its importance"; and (3) "material prejudice resulted from" the trial court's failure to record the proceedings at issue. Palmer at 554;State v. Dennis, Franklin App. No. 04AP-595, 2005-Ohio-1530, at ¶ 17.
 {¶ 20} We begin by analyzing the second prong of the Palmer
test, which required appellant "to comply with App.R. 9 and to reconstruct what occurred or to establish its importance[.]" SeePalmer at 554. App.R. 9(C) allows an appellant to prepare for an appellate court a statement of unrecorded proceedings. The statement becomes part of the appellate record after the trial court reviews it "for settlement and approval." Id. Here, appellant did not prepare an App.R. 9(C) statement. Nonetheless, we find compliance with the second prong of the Palmer test because the trial court already "reconstruct[ed]" the May 26, 2004 court proceeding in its October 19, 2004 judgment entry.
 {¶ 21} However, appellant has not satisfied the first prong of the Palmer test, which required appellant to request that the trial court record the pre-trial conference or to object to the trial court's failure to record the proceeding. Id. at 554. In particular, appellant's public defender, who represented appellant before the scheduled pre-trial, made no request that the trial court record any proceedings in this case. Likewise, appellant's subsequently retained counsel did not raise the recording issue with or separate from the motion to dismiss on speedy trial grounds. In so concluding, we emphasize that our decision on the first prong of the Palmer test is not based on appellant's own actions, as appellant evoked his Sixth Amendment right to counsel throughout this case. Cf. State v. Pryor
(Sept. 28, 2001), Mahoning App. No. 01 C.A. 166 (holding that a self-represented defendant "must take some affirmative steps to protect his rights").
 {¶ 22} Moreover, appellant has not satisfied the third prong of the Palmer test, which requires appellant to demonstrate on appeal that "material prejudice resulted from the failure to record the proceedings at issue." Id. at 554. Appellant contends that without a transcript of the May 26, 2004 court proceeding, the trial court "was free to attribute to [appellant] a desire for a continuance for a pretrial." However, as noted below, our opinion on appellant's speedy trial motion to dismiss depends not on the trial court indicating that appellant desired a continuance of the pre-trial conference, but turns on appellant's lack of counsel at the May 26, 2004 court proceeding. Appellant's public defender's motion to withdraw and the trial court's October 19, 2004 judgment entry confirms that appellant was without counsel during the May 26, 2004 court proceeding and that appellant's public defender withdrew because appellant desired to retain private counsel. Thus, we have adequate information to review the trial court's ruling on appellant's speedy trial motion to dismiss, and appellant suffered no "material prejudice" from the trial court's failure to record the May 26, 2004 court proceeding.
 {¶ 23} Accordingly, pursuant to Palmer, we need not reverse appellant's OVI conviction, even though the trial court failed to record the May 26, 2004 court proceeding. As such, we overrule appellant's second assignment of error.
 {¶ 24} We next address appellant's first assignment of error. In his first assignment of error, appellant contends that the trial court erred by denying the motion to dismiss that he filed on statutory and constitutional speedy trial grounds. We disagree.
 {¶ 25} We first address appellant's statutory speedy trial rights. Under Ohio's speedy trial statutes, a trial court shall discharge a defendant if the trial court and prosecution fail to bring the defendant to trial within the time required by R.C.2945.71 and 2945.72. See R.C. 2945.73(B). The Ohio Supreme Court has "imposed upon the prosecution and the trial courts the mandatory duty of complying with" the speedy trial statutes.State v. Singer (1977), 50 Ohio St.2d 103, 105. Thus, courts must strictly construe the speedy trial statutes against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57. Additionally, speedy trial issues present mixed questions of law and fact. State v. Hiatt (1997), 120 Ohio App.3d 247, 261. Therefore, we "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Hiatt at 261, citingState v. Howard (Mar. 4, 1994), Scioto App. No. 93 CA 2136.
 {¶ 26} "[W]hen a defendant moves for discharge on the basis that he has not been brought to trial within the time limits set forth in [the speedy trial statutes], and he presents a prima facie case that he is entitled to discharge, the burden of production of evidence shifts to the state." State v. Price
(1997), 122 Ohio App.3d 65, 68, citing State v. Butcher (1986),27 Ohio St.3d 28, 30-31; State v. Elliott, Franklin App. No. 03AP-605, 2004-Ohio-2134, at ¶ 9. The state must then prove that the speedy trial statutes sufficiently extended the time for which it could bring the defendant to trial. Price at 68;Elliott at ¶ 9.
 {¶ 27} Under R.C. 2945.71(D), if the prosecution charges a defendant with multiple misdemeanors that arise out of the same act, the defendant's trial shall occur "within the time period required for the highest degree of offense charged[.]" Here, the multiple misdemeanor charges against appellant stem from the May 13, 2004 incident and, accordingly, arise "out of the same act." Thus, pursuant to R.C. 2945.71(D), we look to the "time period required for the highest degree of offense charged[.]" Here, the first-degree misdemeanor charges of OVI, driving without a license, and fleeing constitute the "highest degree" of charged misdemeanors. Therefore, under R.C. 2945.71(D), we look to the speedy trial time period required for first-degree misdemeanors. According to R.C. 2945.71(B)(2), the trial court and prosecution had 90 days after appellant's arrest to bring appellant to trial.
 {¶ 28} We recognize that appellant entered a no contest plea and did not take his case to trial. Thus, to comply with the speedy trial statutes, the trial court needed to determine appellant's guilt or innocence on the no contest plea within 90 days after appellant's arrest. See State v. Mintz (1991),74 Ohio App.3d 62, 69. In calculating the date upon which the trial court needed to determine appellant's guilt or innocence on the no contest plea, we acknowledge that, under Crim.R. 45(A), "the date of the act or event from which the designated period of time begins to run shall not be included." As such, courts do not count the defendant's arrest date when computing speedy trial time. Elliott at ¶ 14, citing Crim.R. 45(A); State v. Steiner
(1991), 71 Ohio App.3d 249, 250-251. Consequently, here, speedy trial time began to run on May 14, 2004, the day after appellant's arrest.
 {¶ 29} "For purposes of computing time * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "Where more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the `pending charge' for purposes of R.C. 2945.71(E)." State v. Parsley (1993), 82 Ohio App.3d 567, 571. Here, appellant's misdemeanor charges stem from "a single transaction" arising out of the May 13, 2004 incident, and the charges shared a "common litigation history from arrest onward[.]" Thus, pursuant to Parsley, appellant is entitled to a triple count of the time he spent in jail after his arrest. Id. at 571.
 {¶ 30} In so concluding, we note that the trial court arraigned appellant on a separate, unrelated felony drug charge on May 14, 2004, while appellant was in jail on the misdemeanor charges. The triple count provision in R.C. 2945.71(E) does not apply when a defendant is in jail in lieu of bail on separate and distinct charges. State v. Ladd (1978), 56 Ohio St.2d 197, 203. However, the state bears the burden to establish that a defendant is not entitled to the triple-count provision. Butcher at 31. Here, appellee has failed to demonstrate or even address how the unrelated felony impacts the R.C. 2945.71(E) triple-count provision. For example, appellee provides no indication on whether the prosecution continued to pursue the felony charge after arraignment, or whether the prosecution dismissed the felony charge for future indictment while appellant was in jail. Therefore, appellee has not met its burden under Butcher, and, as set forth above, we apply the R.C. 2945.71(E) triple-count provision for time that appellant spent in jail after his arrest.
 {¶ 31} In assessing the triple-count provision to the speedy trial calculation, we note that, after appellant's arrest, he spent time in jail from May 14, 2004 until May 17, 2004, the date of appellant's release upon posting bond. "The date the defendant posts bond and is released from jail counts as a day in jail for the triple-count provision." State v. Brown, Ashtabula App. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 22. Therefore, appellant is entitled to a four-day triple-count credit (12 days) on the speedy trial calculation for May 14, 2004 through May 17, 2004.
 {¶ 32} We next calculate the remaining 78 days of speedy trial time and come to August 3, 2004. The trial court found appellant guilty on his no contest plea on October 19, 2004, which is after August 3, 2004. Therefore, appellant established a prima facie case that the trial court should have discharged him for statutory speedy trial violations. Price at 68; Elliott
at ¶ 9; Mintz at 69. As such, the burden shifted to appellee to demonstrate that the speedy trial statutes sufficiently extended the requisite speedy trial time. Price at 68; Elliott at ¶ 9.
 {¶ 33} As appellee asserts, provisions in R.C. 2945.72 extend "[t]he time within which an accused must be brought to trial[.]" Under R.C. 2945.72(H), "[t]he period of any continuance granted on the accused's own motion" extends speedy trial time. Thus, a defendant's request for a continuance extends the speedy trial time limit. State v. Martin (1978), 56 Ohio St.2d 289, 297-298. Here, the trial court's October 19, 2004 judgment entry indicates that, on May 26, 2004, appellant "requested a continuance to retain private counsel." Thus, the trial court concluded that speedy trial time tolled because of appellant's continuance request. However, the May 26, 2004 continuance entry makes no mention of appellant's request for a continuance. Rather, the continuance entry merely indicates that the trial court continued the pre-trial conference because appellant desired to retain private counsel. Because we construe the speedy trial statutes strictly against the state, the above discrepancy precludes us from concluding that speedy trial time extended under R.C.2945.72(H) on the basis that appellant asked for a continuance. See Brecksville at 57. Thus, the trial court erroneously concluded that speedy trial time tolled because appellant requested a continuance.
 {¶ 34} Nonetheless, we are not authorized to reverse a correct judgment on the basis that some or all of the trial court's reasons are erroneous. State ex rel. McGrath v. OhioAdult Parole Auth., 100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 8. Here, as noted below, the trial court correctly denied appellant's motion to dismiss and we are not authorized to reverse the decision solely because we find erroneous the trial court's reasons for its decision. McGrath at ¶ 8.
 {¶ 35} Specifically, we conclude that the May 26, 2004 continuance falls under the other provision in R.C. 2945.72(H), which extends speedy trial time for "the period of any reasonable continuance granted other than upon the accused's own motion[.]" In examining "reasonableness," we look to the particular facts and circumstances of the case. State v. Saffell (1988),35 Ohio St.3d 90, 91.
 {¶ 36} As noted above, the trial court had discretion to schedule and conduct pre-trial conferences under Crim.R. 17.1 for the parties "to consider such matters as will promote a fair and expeditious trial." Similarly, Loc.R. 4.07 of the Franklin County Municipal Court allows trial courts to schedule pre-trial conferences. Accordingly, pursuant to its discretion, the trial court scheduled the May 26, 2004 pre-trial "by custom * * * to give the parties an opportunity to discuss the case and provide meaningful insights into their respective positions." Through this language, the trial court underscored that it considered the pre-trial conference an essential proceeding in its trial schedule. However, when appellant decided to replace his public defender at the May 26, 2004 pre-trial conference and have his public defender withdraw, the trial court needed to balance its desire to proceed with the pre-trial conference against appellant's speedy trial rights, his Sixth Amendment right to counsel, and Fourteenth Amendment Due Process guarantees. SeeScott v. Illinois (1979), 440 U.S. 367, 373-374 (recognizing that, under the Sixth Amendment right to counsel andFourteenth Amendment Due Process guarantees, a defendant must be afforded the benefits of counsel in cases where the defendant receives jail time). Due to appellant's constitutional rights to counsel and due process, the trial court could not have the parties "discuss the case and provide meaningful insights into their respective positions" at the May 26, 2004 pre-trial conference given that appellant had no counsel to assist him, and appellant did not waive his right to counsel. Accordingly, the trial court had cause to continue the pre-trial conference to give appellant time to retain counsel and to allow appellant to return to engage in a meaningful pre-trial conference with the assistance of counsel.
 {¶ 37} Nonetheless, appellant contends that the May 26, 2004 continuance was not reasonable under R.C. 2945.72(H) because the trial court rescheduled a "pretrial conference which had zero impact on the trial date[.]" In support, appellant relies onState v. Reuschling (1986), 30 Ohio App.3d 81, 83, where the Eleventh District Court of Appeals held that the "defendant's request for [a] pretrial conference made at the arraignment did not extend the time for trial under R.C. 2945.71."
 {¶ 38} However, Reuschling is inapposite. In Reuschling,
the trial court merely scheduled a pre-trial conference after the defendant requested such a conference at arraignment. Id. at 83. Conversely, here, the trial court had already scheduled a pre-trial conference for May 26, 2004, in accordance with its desired course towards trial. However, the trial court continued the May 26, 2004 pre-trial conference after appellant decided to retain private counsel and have his public defender withdraw. Such circumstances differ from Reuschling, where the defendant's request for a pre-trial conference neither delayed previously scheduled proceedings nor constituted a continuance to reschedule a previously scheduled pre-trial conference. Id. at 82-83.
 {¶ 39} For these reasons, we likewise find misplaced appellant's reliance on the Sixth District Court of Appeals' decision in State v. Wirtanen (1996), 110 Ohio App.3d 604, 608. In relying on Wirtanen, appellant notes that the appellate court held that "[t]he scheduling of a pretrial conference or hearing does not automatically extend the time requirements of R.C. 2945.71." Id. at 608. Again, here, the trial court did not merely schedule a pre-trial conference, but rescheduled a pre-trial conference after appellant decided to retain private counsel and have his public defender withdraw.
 {¶ 40} Additionally, the plain language of the provision in R.C. 2945.72(H) that we apply to this case does not preclude its application to a trial court rescheduling pre-trial conferences. See State ex rel. Burrows v. Indus. Comm. (1997),78 Ohio St.3d 78, 81 (holding that we apply unambiguous statutes "according to the plain meaning of the words used"); see, also, State v.Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 12 (noting that the legislature "should be held to mean what it has plainly expressed"). Rather, the noted provision in R.C. 2945.72(H) refers generally to "the period of any reasonable continuance[.]" (Emphasis added.)
 {¶ 41} Consequently, in Elliott, we held that speedy trial time extended from a defendant's request to continue a pre-trial in order for the defendant to obtain new counsel. Id. at ¶ 14-16. Thus, although factually different from appellant's case,Elliott implicitly recognized that R.C. 2945.72 tolling provisions do apply under certain circumstances when trial courts reschedule pre-trial conferences.
 {¶ 42} We further emphasize that a defendant cannot use the speedy trial statutes to deprive the trial court of its ability to control its own proceedings. See State v. Robb (2000),88 Ohio St.3d 59, 66 (recognizing that courts should not interpret statutes to yield an absurd result). Again, here, the trial court considered the pre-trial conference an important proceeding in its trial schedule, and Crim.R. 17.1 and Loc.R. 4.07 of the Franklin County Municipal Court gave the trial court discretion to schedule the pre-trial conference. By rescheduling the pre-trial conference to July 1, 2004, the trial court was able to provide appellant time to retain private counsel, and still control its own proceedings and reschedule the pre-trial conference that it considered essential.
 {¶ 43} Thus, under the facts and circumstances of this case, we conclude that the trial court's continuance of the May 26, 2004 pre-trial conference was reasonable. See Saffell at 91. Accordingly, the reasonable continuance extended speedy trial time under R.C. 2945.71(H).
 {¶ 44} Likewise, "[a]ny period of delay necessitated by the accused's lack of counsel" extends speedy trial time "provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[.]" R.C. 2945.72(C). In Hiatt, the Fourth District Court of Appeals held, in part, that a defendant's request to discharge his appointed counsel triggered R.C.2945.72(C). Hiatt at 263. We acknowledge that, in Hiatt, the trial court rescheduled a trial, not a pre-trial conference, due to the defendant's request to retain new counsel. Hiatt at 260, fn.3. As noted above, this distinction is irrelevant because appellant's desire to retain private counsel and have his public defender withdraw "necessitated" a "period of delay" that triggered R.C. 2945.72(C). Again, appellant's decision delayed the trial court's pre-scheduled pre-trial conference, a proceeding that the trial court desired to have before the trial.
 {¶ 45} Therefore, based on the above, we conclude that speedy trial time tolled from May 26, 2004 to July 1, 2004 pursuant to R.C. 2945.72(C) and (H). Having concluded as such, we next determine whether appellant sustained statutory speedy trial violations, which, as noted above, required the trial court to determine appellant's guilt or innocence on the no contest plea within 90 days of his arrest. Mintz at 69. We reiterate that appellant received a four-day triple-count credit (12 days) for the time he spent in jail from May 14, 2004 through May 17, 2004. See R.C. 2945.71(E). An additional eight days elapsed from May 18, 2004 through May 25, 2004. Thus, 20 days elapsed before speedy trial time tolled on May 26, 2004. Speedy trial time resumed to run on July 1, 2004 through August 8, 2004, and equates to an additional 39 days for a total of 59 days. Time tolled from August 9, 2004 to September 13, 2004, because appellant's counsel requested a continuance on August 9, 2004. See R.C. 2945.72(H) (stating, in part, that a continuance granted on a defendant's own motion extends speedy trial time); see, also, State v. King (1994), 70 Ohio St.3d 158, 160, citingState v. McBreen (1978), 54 Ohio St.2d 315, syllabus (holding that a defendant is bound by his or her counsel's continuance request).
 {¶ 46} Thereafter, speedy trial time also tolled from the trial court's sua sponte continuance that rescheduled the trial from September 13, 2004 to October 19, 2004. The trial court continued the trial because the judge was ill and in the hospital. Thus, the trial court based the continuance on its unavailability, a factor that extends speedy trial time under R.C. 2945.72(H) as a "reasonable continuance granted other than upon the accused's own motion[.]" See State v. Brown, Mahoning App. No. 03-MA-32, 2005-Ohio-2939, at ¶ 43.
 {¶ 47} Also significant to our speedy trial calculation is appellant's September 10, 2004 motion to dismiss on speedy trial grounds. Under R.C. 2945.72(E), speedy trial time is extended for "[a]ny period of delay" necessitated by a defense motion. Thus, we previously recognized that, under R.C. 2945.72(E), delay caused by a defense motion to dismiss on speedy trial grounds extends speedy trial time. Elliott at ¶ 18. Here, the trial court could not proceed with appellant's case without deciding whether it needed to discharge appellant on speedy trial grounds. The trial court denied the motion to dismiss on October 19, 2004. Therefore, under R.C. 2945.72(E), speedy trial time tolled from September 10, 2004 to October 19, 2004.
 {¶ 48} Ultimately, appellant pled no contest on October 19, 2004, and the trial court found appellant guilty on that date. Because only 59 of the requisite 90 days elapsed when the trial court found appellant guilty on his no contest plea, appellant sustained no statutory speedy trial violations.
 {¶ 49} We next consider appellant's constitutional speedy trial rights. We note that appellant does not specifically challenge in his brief the constitutional speedy trial violation. Rather, as noted above, appellant focuses on the statutory speedy trial violations. Nonetheless, the language of appellant's first assignment of error raises the constitutional speedy trial violation.
 {¶ 50} The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution guarantee a defendant the right to a speedy trial. State v.O'Brien (1987), 34 Ohio St.3d 7, 8. Under some circumstances, these constitutional speedy trial guarantees may be broader than the statutory speedy trial right. Id. at 9. However, the state and federal constitutional speedy trial rights are essentially equivalent. State v. MacDonald (1976), 48 Ohio St.2d 66, 68;State v. Miller, Franklin App. No. 04AP-285, 2005-Ohio-518, at ¶ 8.
 {¶ 51} Because we found no statutory speedy trial violation in appellant's case, appellant must demonstrate that the trial court and prosecution violated his constitutional speedy trial rights. State v. Gaines, Lorain App. No. 00CA008298, 2004-Ohio-3407, at ¶ 16. In order to determine whether a defendant sustained constitutional speedy trial violations, we balance four factors: "`Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" O'Brien at 10, quoting Barker v. Wingo
(1972), 407 U.S. 514, 530.
 {¶ 52} The United States Supreme Court describes the "length of delay" as a double inquiry. Doggett v. United States (1992),505 U.S. 647, 651. First, the defendant must make a threshold showing of a "presumptively prejudicial" delay to trigger application of the Barker analysis. Dogget at 652, citingBarker at 530-531; Miller at ¶ 11. Second, after the initial threshold showing, we again consider the length of delay with the other Barker factors. Dogget at 652, citing Barker at 533-534; Miller at ¶ 11.
 {¶ 53} Courts have generally found that a delay approaching one year becomes "presumptively prejudicial." Dogget at 652, fn. 1. Thus, the Fourth District Court of Appeals concluded that "presumptive prejudice" did not stem from a 186-day time period between a defendant's arrest for a first-degree misdemeanor OVI and the date that the trial court found him guilty on the offense. State v. Webb, Washington App. No. 01CA32, 2002-Ohio-3552, at ¶ 15, 26. Likewise, here, the trial court found appellant guilty five months after his arrest, well within one year. Therefore, this five-month time period does not rise to the level of "presumptive prejudice." See Dogget at 652, fn. 1;Webb at ¶ 26. Because we find no "presumptive prejudice," we conclude that appellant sustained no constitutional speedy trial violations.
 {¶ 54} Having determined that appellant sustained no statutory or constitutional speedy trial violations, we conclude that the trial court did not err when it denied appellant's motion to dismiss on speedy trial grounds. Therefore, we overrule appellant's first assignment of error.
 {¶ 55} In summary, we overrule appellant's first and second assignments of error and, accordingly, affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Bryant and McGrath, JJ., concur.