THE STATE OF OHIO, APPELLEE, *v.* REUSCHLING, APPELLANT.

(No. 1243 — Decided February 10, 1986.)

*Timothy Bojanowski,* assistant city solicitor, for appellee.

*Samuel L. Altier,* for appellant.

DAHLING, P.J. This is an appeal from the Ashtabula County Municipal Court. The defendant was arrested for violations of R.C. 4511.19(A)(1) and 4511.19(A)(3) on March 27, 1985. The case was set for trial on June 27, 1985 and defendant filed a motion to dismiss

the charges on that date asserting that the trial was not set within the time limit specified by R.C. 2945.71. The trial court overruled defendant's motion at which time defendant entered a plea of no contest to the violation of R.C. 4511.19(A)(3).

The defendant was fined $250 and costs and sentenced to five days in jail, and his license was suspended for sixty days.

The defendant has filed a notice of appeal.

As noted, defendant was arrested on March 27, 1985. He made an initial appearance on April 1, 1985 and entered a plea of not guilty to the charges and requested a pretrial conference. The pretrial was held on June 4, 1985 and the trial was set for June 27.

On the day of the trial, defendant filed a motion to dismiss the charges for the reason that the trial had not been held within the ninety-day limit prescribed by R.C. 2945.71(B)(2). The trial court denied the motion stating, by journal entry filed on June 27, that the pretrial conference delayed the trial date by thirty days. The defendant signed no waiver of statutory time limits.

### Assignment of Error

"The trial court erred in denying defendant-appellant's motion to dismiss the charges pursuant to Ohio's speedy trial statutes, O.R.C. 2945.71 and 2945.73."

This assignment of error is with merit.

The running of the time began when the defendant was arrested on March 27, 1985. The ninetieth day following defendant's arrest was June 25, 1985.

"A defendant who has not been brought to trial within the statutory period presents a prima facie case for discharge; the state has the burden of proving an exception when the defendant files a motion to dismiss." (Footnote omitted.) 27 Ohio Jurisprudence 3d (1981) 378, 379, Criminal Law, Section 1109.

The General Assembly has placed the burden on the prosecution to try criminal defendants within a specified time after arrest. R.C. 2945.71 *et seq.* It is permissible to extend the time limitations for a reasonable time according to appropriate criteria. R.C. 2945.72(H). However, once an accused, against whom a charge is pending, demonstrates that the requisite time has elapsed without a trial, he has established a prima facie case for discharge under R.C. 2945.73. *State* v. *Geraldo* (1983), 13 Ohio App. 3d 27, 13 OBR 29, 468 N.E. 2d 328, paragraph one of the syllabus. The burden is then on the state to present a valid reason for the extension of time. *Id.*

In this case, appellant has shown that he was not brought to trial within the statutory time limits. His request for a pretrial conference made at the arraignment did not extend the time for trial under R.C. 2945.71.

The trial court speaks through its journal. See *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 9, 2 OBR 282, 284, 441 N.E. 2d 571, 573. The Supreme Court has noted that a trial court must enter an order within the statutory time limit as to any rescheduled trial date that falls beyond the speedy trial limits when a proper continuance is granted. See *State* v. *Siler* (1979), 57 Ohio St. 2d 1, 3-4, 11 O.O. 3d 1, 2, 384 N.E. 2d 710, 711. Where that order is not properly journalized, the time is not tolled.

"When granting a continuance before trial, the trial court, through its journal entry:

"(1) Must record such a continuance;

"(2) Must identify the party to whom the continuance is chargeable; and

"(3) Must indicate briefly the underlying reasons necessitating the continuance.

"If, in granting a continuance, the

trial court is acting *sua sponte,* its journal entry must so indicate and must set forth the reasons justifying the *sua sponte* continuance. Time elapsing during the period of any continuance not so recorded will be charged against the state for the purpose of computing time under R.C. 2945.71 *et seq.*" (Emphasis deleted.) *State* v. *Geraldo, supra,* at paragraph four of the syllabus.

In the present case, the journal entry filed on June 27 stated that the pretrial conference delayed the trial date. However, we hold that defendant's request for the pretrial conference made at the arraignment did not extend the time for trial under R.C. 2945.71. The time was not extended nor was there a waiver.

In conclusion, the motion to dismiss should have been granted.

For the reasons stated above, the judgment is reversed and final judgment is entered for defendant.

*Judgment reversed and defendant discharged.*

FORD and COOK, JJ., concur.