DECISION AND JUDGMENT ENTRY
Haskell J. Saunders appeals his first-degree misdemeanor conviction for assault, a violation of R.C. 2903.13. Saunders contends that the Gallipolis Municipal Court should have dismissed the charges against him because the state did not bring him to trial within the ninety-day statutory time period for first-degree misdemeanors. We agree. Accordingly, we reverse the judgment of the trial court.
 I.
On September 25, 1999, the state served Saunders with a summons charging him with first-degree misdemeanor assault, a violation of R.C.2903.13. Saunders appeared for his scheduled arraignment on October 11, 1999, and entered a not guilty plea. The trial court scheduled a pretrial for November 8, 1999. The pretrial report from that date reflects that the pretrial was continued until November 15, 1999, so that Saunders could retain counsel. The November 15, 1999 pretrial report reflects that Saunders again requested a continuance because his counsel was occupied in another court. The pretrial was rescheduled for November 22, 1999.
The parties met for pretrial on November 22, 1999 and December 6, 1999, and agreed to request the court to set the case for trial. The court scheduled the case for a bench trial on January 12, 2000.
On December 28, 1999, Saunders filed a demand for a jury trial. On the same day, the court filed an entry converting the January 12, 2000 date to a jury pretrial. The entry did not explicitly continue the trial date or give the reason for the continuance. At the January 12, 2000 pretrial, the court scheduled the jury trial for March 10, 2000. On March 1, 2000, Saunders moved for discharge based upon the state's failure to bring him to trial within ninety days as required by R.C. 2945.71(A)(2). The trial court overruled his motion on March 13, 2000. On March 29, 2000, Saunders entered a no contest plea. The trial court found Saunders guilty and, after completion of a presentence investigation, sentenced him accordingly.
Saunders now appeals, asserting the following assignment of error:
 The trial court erred to the prejudice of the defendant-appellant by failing to rule that defendant-appellant's right to a speedy trial was not (sic) violated.
 II.
In his sole assignment of error, Saunders asserts that the trial court should have granted his motion to dismiss because the state did not bring him to trial within ninety days after serving him with his summons.
On appellate review, a speedy trial issue usually raises a mixed question of fact and law. State v. Hiatt (1997), 120 Ohio App.3d 247,261; State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10, unreported. Thus, we accept facts found by the trial court if supported by some competent, credible evidence, but conduct a de novo review of the trial court's application of the law to the facts. Id., citing State v.Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported.
The court shall strictly enforce the right to a speedy trial. State v.Pachay (1980), 64 Ohio St.2d 218, syllabus. A defendant presents a prima facie case for discharge based upon a violation of speedy trial limits by alleging in a motion to dismiss that he or she was held solely on the pending charge for a time exceeding the R.C. 2945.71 limit. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31; State v. Reuschling (1986),30 Ohio App.3d 81, 82. The burden then shifts to the state to show that it did not exceed the limit or demonstrate that the time limit was extended pursuant to R.C. 2945.72. Butcher at 31.
R.C. 2945.71(B)(2) establishes a ninety-day time limit for prosecution of first and second degree misdemeanors and other misdemeanors carrying a maximum penalty of imprisonment for more than sixty days. R.C. 2945.72
provides that the speedy trial time can be extended under certain circumstances. Those circumstances relevant to the case at bar include:
 (C) Any period of delay necessitated by the accused's lack of counsel,
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
When granting a continuance other than upon the accused's own motion pursuant to R.C. 2945.72(H), "the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit * * * for bringing a defendant to trial."State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. Additionally, the journal entry must identify the party to whom the continuance is chargeable. State v. Wagner (1993), 88 Ohio App.3d 398, 402. If the trial court fails to journalize the reasons for the continuance and the party to whom it is chargeable, the time must be counted against the state.Id. at 402, citing State v. Geraldo (1983), 13 Ohio App.3d 27, 31.
In this case, ninety-four days elapsed between the date Saunders received his summons, September 25, 1999, and the date Saunders requested a jury trial, December 28, 1999. Of those ninety-four days, fourteen are not chargeable against the state. Specifically, the continued pretrials on November 8, 1999 and November 15, 1999 were caused by Saunders' lack of counsel. Thus, pursuant to R.C. 2945.72(C), the continuances from November 8, 1999 to November 15, 1999 and from November 15, 1999 to November 22, 1999 are charged to Saunders. A total of eighty days between September 25, 1999 and December 28, 1999 count toward the speedy trial deadline.
From December 28, 1999 to March 1, 2000, the date that Saunders moved for discharge, sixty-four days elapsed. Thus, a total of one hundred forty-four days that counted toward Saunders' speedy trial deadline elapsed. As noted above, the speedy trial deadline for first-degree misdemeanors is ninety days.
In its entry denying Saunder's motion for discharge, the trial court found that Saunders implicitly requested a continuance on December 28, 1999, because Saunders knew that demanding a jury trial would require the court to continue the trial date. However, the trial court did not issue a journal entry identifying the cause of the continuance or the party against whom it was chargeable as required by Mincy and Wagner.
Therefore, as a matter of law, the trial court could not retroactively charge the time to Saunders after ninety days had passed. Therefore, the continuance beginning on December 28, 1999 must be counted against the state.
On the day that Saunders moved for discharge, one hundred forty-four days counted against the state. The state failed to bring Saunders to trial prior to the speedy trial deadline. The trial court erred as a matter of law by denying Saunders' motion for discharge. We reverse the judgment of the trial court and remand the case for discharge pursuant to R.C. 2945.73.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J: Concur in Judgment and Opinion.
 ___________________________ Roger L. Kline, Presiding Judge