DECISION AND JUDGMENT ENTRY
Guy D. Webb appeals his conviction by the Marietta Municipal Court for driving under the influence. He argues that he was denied his statutory right to a speedy trial. We disagree, because we find that Webb pled no contest before the statutory speedy trial time expired. Webb also asserts that his constitutional right to a speedy trial was violated. We disagree, because we find that the one hundred eighty-six day delay from Webb's arrest until trial is not presumptively prejudicial. Accordingly, we affirm the trial court's judgment.
 I.
On April 14, 2001, Guy D. Webb was arrested for driving under the influence, a violation of R.C. 4511.19(A)(1) and R.C. 4511.19 (A)(6), and failing to drive within marked lanes, a violation of R.C. 4511.33. Webb entered a written plea of not guilty.
Pursuant to Webb's demand for a jury trial, the trial court set his case for trial on June 5, 2001, with a mandatory pre-trial conference on June 1, 2001.
On May 29, 2001, Webb filed a motion to suppress, which was overruled on May 30, 2001[1] without a hearing. On June 4, 2001, Webb filed a motion for leave to file another motion to suppress and filed a motion to continue the jury trial scheduled for June 5, 2001. The trial court set a hearing on Webb's motion to suppress for June 27, 2001.
On June 4, 2001, the trial court granted Webb leave to file his motion to suppress and continued the jury trial until July 17, 2001.
On June 12, 2001, the State moved to continue the suppression hearing, which was set for June 27, 2001 because the prosecutor had a previously scheduled vacation. In response, the trial court continued the suppression hearing to July 16, 2001.
On July 18, 2001, the trial court sua sponte ordered a continuance of the jury trial to August 21, 2001. In its entry the trial court noted that the continuance was granted "for good cause shown, to wit; a case having greater priority under Ohio's speedy trial statute * * * was continued at too late of notice for preparation of this case." The court went on to find that "this continuance, reasonably granted, tolls the running of speedy trial time pursuant to R.C. 2945.72(H) until the next scheduled trial date, as this Court's currently crowded docket makes immediate rescheduling impossible."
Apparently, there was no jury trial on August 21, 2001 because a notice signed by "Brenda K", deputy clerk, set the trial for September 18, 2001 with no notation as to the reason. The clerk of courts did not time-stamp this notice.
On September 20, 2001, the trial court ordered that the jury trial scheduled for September 18, 2001 again be continued "for good cause shown, to wit; a case having greater priority under Ohio's speedy trial statute, * * * was continued at too late of notice for preparation of this case." The court went on to again find that "this continuance, reasonably granted, tolls the running of speedy trial time pursuant to R.C. 2945.72(H) until the next scheduled trial date, as this Court's currently crowded docket makes immediate rescheduling impossible."
On October 16, 2001, the trial court held a hearing at which Webb moved to dismiss the complaint for violations of his statutory and constitutional rights to speedy trial. After the trial court verbally overruled this motion, Webb pled no contest to the DUI charge. The trial court found him guilty and sentenced him. In return, the state dismissed the charge of failing to stay in the marked lanes of traffic.
Webb appeals and asserts the following assignments of error:
 I. That the Defendant's statutory right to a speedy trial was violated.
 II. That the Defendant's constitutional right to a speedy trial was violated.
 II.
In his first assignment of error, Webb argues that the trial court erred by overruling his motion to dismiss because his statutory speedy trial rights were violated.
A first-time violation of R.C. 4511.19 is a first-degree misdemeanor. R.C. 4511.99(A)(1). Therefore, a first-time offender charged with violating R.C. 4511.19(A) must be brought to trial within ninety days. R.C. 2945.71(B)(2). The time within which an accused must be brought to trial may be extended for the reasons listed in R.C. 2945.72. These reasons include "any period of delay necessitated by reason of a * * * motion * * * instituted by the accused," R.C. 2945.72(E), and "the period of any continuance granted upon the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[,]" R.C. 2945.72(H).
A court speaks only through its journal. Schenley v. Kauth (1953)160 Ohio St. 109, paragraph one of the syllabus. Therefore, when a court grants a continuance upon its own motion pursuant to R.C. 2945.72(H), it must enter the continuance and the reasons for it by journal entry. SeeState v. Orrill (1990), 66 Ohio App.3d 259, 261, citing State v. Mincy
(1982), 2 Ohio St.3d 6 and State v. Saffell (1988), 35 Ohio St.3d 90. See, also Cleveland v. Jones (1996), 110 Ohio App.3d 791 (continuances not chargeable to defendant must be reasonably and properly documented);State v. Stamper (1995), 102 Ohio App.3d 431, (running of R.C. 2945.71
can be tolled on the basis of a sua sponte continuance only when the trial court has journalized an entry explaining the reasons for the delay).
A trial court's crowded docket may be a reasonable basis necessitating a continuance under R.C. 2945.72(H). State v. Lee (1976),48 Ohio St.2d 208. "In order for the continuance to fall within the ambit of R.C. 2945.72(H), the trial court must: (1) record the continuance through its journal entry prior to the expiration of the speedy trial requirements, (2) identify the party to be charged with the continuance, and (3) briefly indicate the reasons requiring the continuance." Statev. Harr (1992) 81 Ohio App.3d 244, citing State v. Reuschling (1986),30 Ohio App.3d 81, 82-83 and Mincy.
When we review a motion to dismiss for speedy trial violations, we conduct a de novo review of the trial court's application of the law to the facts. State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10, citing State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. A defendant presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that he or she was held solely on the pending charge for a time exceeding the R.C. 2945.71 limits. State v. Butcher (1986), 27 Ohio St.3d 28,30-31; State v. Reuschling (1986), 30 Ohio App.3d 81, 82. The burden then shifts to the state to show that the R.C. 2945.71 limitations have not been exceeded, which it must do by demonstrating that the time limit was extended pursuant to R.C. 2945.72. Butcher, supra at 31.
Here, Webb was arrested on April 14, 2001 and pled no contest and was found guilty on October 16, 2001, a total of one hundred eighty six days elapsed from arrest to conviction and ninety-six days over the statutory requirement of ninety days. Thus, if at least ninety-six days can be excluded pursuant to R.C. 2945.72 from the calculation of speedy trial time, the trial court did not err in denying Webb's motion to dismiss.
First, we find that the continuances entered by the trial court on July 18, 2001 and September 20, 2001 comply with the requirements of R.C.2945.72(H).[2] Harr. The trial court recorded the continuances through its journal entries prior to the expiration of the speedy trial requirements, identified the party to be charged with the continuance, and briefly indicated the reasons requiring the continuance, i.e., a crowded court docket and an older case proceeded to trial that day. Thus, the total of thirty-six and twenty-eight days for each continuance, respectively, for a grand total of sixty-four days, are excluded from the speedy trial time calculation.[3]
Second, we find that the time that Webb's motions to suppress were pending are excluded from the calculation of speedy trial time. R.C.2945.72(E). Webb filed a motion to suppress on May 29, 2001, which was overruled without a hearing on May 30, 2001. Thus, one day is excluded from the calculation of speedy trial time, bringing the grand total to sixty-five days excluded. Webb filed a motion for leave to file a motion to suppress along with a new motion to suppress on June 4, 2001. This motion was scheduled for a hearing on June 27, 2001, which was continued upon the prosecutor's motion because he had a previously scheduled vacation. The trial court continued the hearing. We find that this continuance was reasonable, and thus exclude the time from speedy trial calculation. See State v. Saffell (1988), 35 Ohio St.3d 90 (continuance due to the arresting officer's vacation was not unreasonable). Although not properly journalized,[4] the parties do not contest that the trial court overruled Webb's motion to suppress on July 17, 2001. Thus, forty-one[5] more days may be excluded from the speedy trial calculations, bringing the grand total of days excluded to one hundred six. Accordingly, we find that the trial court did not violate Webb's statutory right to a speedy trial.
 III.
In his second assignment of error, Webb argues that his constitutional right to a speedy trial was violated. He asserts that the seven-month delay from his arrest to his conviction prejudiced him.
In analyzing whether an accused has been denied the right to speedytrial as guaranteed by the Sixth and Fourteenth Amendments, a court must consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right; and (4) prejudice to the accused. Barker v. Wingo (1972), 407 U.S. 514, 530. None of the individual factors is decisive. Id. at 533. The court must consider them together, along with any other relevant circumstances in a sensitive balancing process. Id.
The United States Supreme Court describes the length of delay as a double inquiry. Dogget v. United States (1992), 505 U.S. 647, 651. First, an accused must make a threshold showing of an exceptional delay, i.e., a "presumptively prejudicial" delay, to trigger application of theBarker analysis. Id. at 652, citing Barker at 530-531. Second, the length of delay, after the initial threshold showing, is again considered and balanced against other relevant factors. Id., citing Barker at 533-534.
Here, Webb asserts that the seven-month delay from arrest to his no contest plea was presumptively prejudicial. He cites State v. Almeida
(Hawaii 1973), 509 P.2d 549 (pre-arrest delay of seven months presumptively prejudicial when charges were dismissed then indictment was sought), in support. However, we find Almeida inapposite to this case. Almeida was arrested, but then the charges were dismissed. Shortly thereafter, Almeida and his co-defendant were indicted. The co-defendant was arrested based upon the indictment; Almeida was not served with an indictment until seven months later.
We find that the one hundred eighty six day delay, just over six months, from Webb's arrest until trial is not presumptively prejudicial. See e.g., State v. Harrel (Dec. 29, 1998), Delaware App. No. 98CAA06029 (four to five month delay between indictment and service is not presumptively prejudicial) and State v. Carter (April 1, 1998), LorainApp. No. 97CA006703 (nine month delay between indictment and service is not presumptively prejudicial for speedy trial purposes).
Because we find there is no threshold showing of a "presumptivelyprejudicial" delay, we need not proceed to the second prong of theBarker analysis. Accordingly, we find that Webb's constitutional speedy trial rights were not violated and overrule his second assignment of error.
 IV.
In sum, we overrule Webb's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] This entry bears no time stamp by the clerk of courts, but was "entered" by the trial court on May 30, 2001.
[2] We briefly note that the continuance of the August 21, 2001 trial date cannot be excluded from the calculation of speedy trial time because the trial court failed to enter an appropriate journal entry, Saffell,Mincy, Stamper, Orrill, even though it appears from the transcript of the October 16, 2001 proceedings that the continuance was necessary because the trial judge was ill. Generally, a continuance due to the illness of the trial judge is not unreasonable and extends speedy trial time pursuant to R.C. 2945.72(H). State v. Rockwell (1992),80 Ohio App.3d 157.
[3] In our calculations, we have not included the date a motion was filed, unless the date was also the date an order was entered resolving the motion. Thus if a defense motion was filed on March 15, and decided on March 16, only one day would be counted. See United States v. Thomas
(C.A.6 1995), 49 F.3d 253, 256 citing United States v. Bowers (C.A.6 1987), 834 F.2d607, 609.
[4] Three stapled sheets of paper are attached to the original papers filed in the trial court. The handwritten notations appear to chronicle the proceedings of the trial court. However, none of the papers are signed by the trial judge or time-stamped by the clerk of courts.
[5] We do not include July 17, 2001 because we have already counted it in the calculation of time excluded due to a continuance of the July 16, 2001 scheduled jury trial.