OPINION
{¶ 1} Defendant-appellant, James S. Noble, appeals the denial of a motion to dismiss and his subsequent convictions for burglary and petty theft. We reverse the decision of the trial court.
 {¶ 2} In the early morning hours of November 10, 2006, the Clinton County Sheriff's Department received a complaint from Douglas and Roseanne Pinkerton that a burglary had occurred in their garage. After hearing their dogs barking at the kitchen door that leads to the attached garage, the Pinkertons discovered that someone had entered their garage. Upon *Page 2 
entering the garage to investigate, they observed frozen meat and beer cans from the garage refrigerator scattered about the garage. The Pinkertons began to pick up the items and discovered some meat and beer was missing. While in the process of picking up the items, Douglas saw a man starring at him from underneath his truck. The man got up and ran out of the garage. Shortly after the individual exited the garage, a sheriff's deputy arrived at the residence. A scent-tracking search with a canine was conducted which led to a hog bin where appellant was discovered with sausage and beer.
 {¶ 3} Appellant was arrested and charged with one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, and two counts of petty theft in violation of R.C. 2913.02(A)(1), both misdemeanors of the first degree. Appellant remained continuously incarcerated following his arrest. On January 16, 2007, an order of the magistrate was filed setting appellant's jury trial for January 31, 2007. The order stated that, although scheduled for trial on January 31, 2007, appellant's trial was "A BACKUP TO A PREVIOUSLY SCHEDULED CRIMINAL JURY TRIAL. IF THE FIRST TRIAL GOES FORWARD, THIS TRIAL WILL NECESSARILY BE CONTINUED. IF CONTINUED, THE COURT WILL SET THE TRIAL AT THE NEXT AVAILABLE DATE ON THE COURT'S DOCKET." [sic] Appellant's trial did not proceed on January 31, 2007.
 {¶ 4} On February 22, 2007, the trial court journalized an entry stating that appellant's jury trial scheduled for January 31, 2007 did not proceed "due to another jury trial that date having primary status involving an incarcerated Defendant. The assigned judge on duty that date did not reschedule the jury trial." Further, the entry stated that appellant's case was the "primary jury trial," reset for March 15, 2007. On March 6, 2007, appellant's trial counsel moved to dismiss on the grounds that appellant's speedy trial time had expired on February 9, 2007. On March 7, 2007, the trial court denied appellant's motion. Appellant was tried on March 15, 2007 and found guilty on all three counts. Appellant was sentenced to five years *Page 3 
imprisonment for burglary and six months total for the petty theft convictions, to be served concurrently. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AS APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHT TO A SPEEDY TRIAL WERE VIOLATED BY THE TRIAL COURT'S FAILURE TO JOURNALIZE AN ENTRY ORDERING A CONTINUANCE PRIOR TO THE EXPIRATION OF APPELLANT'S SPEEDY TRIAL TIME."
 {¶ 7} The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.State v. Hughes, 86 Ohio St.3d 424, 425, 1999-Ohio-118. To preserve this right, the legislature enacted Ohio's speedy trial statutes. Id.
 {¶ 8} R.C. 2945.71(D) provides, "A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged * * *."
 {¶ 9} R.C. 2945.71 (C)(2) mandates, "A person against whom a charge of felony is pending: [s]hall be brought to trial within two hundred seventy days after the person's arrest." Further, R.C. 2945.71 (E) states, "For purposes of computing time * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 10} However, R.C. 2945.72 sets forth circumstances where an extension of time between arrest and trial is permitted. Specifically, under R.C. 2945.72(H), a court may sua sponte grant a continuance, as long as "the trial record affirmatively demonstrates the *Page 4 
necessity for a continuance and the reasonableness thereof." Aurora v.Patrick (1980), 61 Ohio St.2d 107, 109. "Thus, the time limit provisions in R.C. 2945.71 are flexible to a degree." State v. Mincy (1982),2 Ohio St.3d 6, 7.
 {¶ 11} In State v. Lee (1976), 48 Ohio St.2d 208, the Ohio Supreme Court recognized that a trial court's crowded docket is a reasonable basis necessitating a continuance under R.C. 2945.72(H). See, also,Aurora v. Patrick (1980), 61 Ohio St.2d 107.
 {¶ 12} Nevertheless, "a trial court which chooses to exercise its discretion under R.C. 2945.72(H) to sua sponte continue a defendant's cause should do so prior to the expiration of the statutory period prescribed by R.C. 2945.71." State v. Montgomery (1980), 61 Ohio St.2d78, 81.
 {¶ 13} In State v. Mincy, the Ohio Supreme Court held "when sua sponte granting a continuance under R.C. 2945.72(H), [a] trial court must enter [an] order of continuance and the reasons therefor [sic] by journal entry prior to the expiration of the time limits prescribed in R.C.2945.71 for bringing a defendant to trial." Id. at 9. In Mincy, the defendant was arrested on July 28, 1980 and remained continuously incarcerated thereafter. Id. at 6. Trial was scheduled for October 23, the defendant's 87th day of incarceration. Id. Appellee's trial counsel was contacted by court personnel on the day of trial and informed that the trial would not begin that day. Id. No journal entry was filed at that time. Id. Thereafter, a scheduling conference was held on October 30 and trial was reset for November 5, the 100th day of confinement.
 {¶ 14} The Ohio Supreme Court stated "the trial court knew on the eighty-seventh day of appellee's confinement that the trial would not be held as scheduled. As a result the trial court had three days to prepare and file a journal entry continuing appellee's case before the 90-day period elapsed. We believe the trial court had ample time to file a journal entry explaining why his trial date was extended beyond the statutory time period." *Page 5 
 {¶ 15} In order for the continuance to fall within the ambit of R.C.2945.72(H), the trial court must: (1) record the continuance through its journal entry prior to the expiration of the speedy trial requirements, (2) identify the party to be charged with the continuance, and (3) briefly indicate the reasons requiring the continuance. State v.Reuschling (1986), 30 Ohio App.3d 81, 82. "If, in granting a continuance, the trial court is acting sua sponte, its journal entry must so indicate and must set forth the reasons justifying the sua sponte continuance. Time elapsing during the period of any continuance not so recorded will be charged against the state for the purpose of computing time under R.C. 2945.71." Id., citing State v. Geraldo (1983), 13 0hio App.3d27.
 {¶ 16} In the case at bar, the trial court held that the January 16, 2007 order of the magistrate satisfies the speedy trial requirements. The court stated in its decision that "by docketing the case for jury trial to commence on January 31, 2007 and providing the parties advanced notice of the necessity of continuing the trial `IF THE FIRST TRIAL GOES FORWARD,' the statutory speedy trial rights of Defendant have been recognized, honored, and satisfied."
 {¶ 17} We disagree with the decision of the trial court. A trial court speaks through its journal. Reuschling at 82. "The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest." Id. Further, the Ohio Supreme Court has held that the speedy trial provisions of the revised code must be strictly complied with by the state. State v. Pudlock
(1975), 44 Ohio St.2d 104, 105.
 {¶ 18} The requirement to journalize a continuance is mandatory. In this case, appellant was arrested on November 10, 2006, immediately placed in custody and remained in jail. As a consequence, appellant should have been brought to trial on or before February 9, 2007. Although the magistrate's order in this case set appellant's trial date and stated that it may be continued if the first trial goes forward,Mincy requires the trial court to formally *Page 6 
enter a continuance before the R.C. 2945.71 time limits expire. The trial court in this case did not sua sponte order a continuance prior to appellant's 90th day of imprisonment. Similar toMincy, the trial court knew well in advance that appellant's trial would not proceed on January 31, 2007; however the court failed to sua sponte file a continuance before the expiration of the 90-day time limit. As a result, appellant's speedy trial rights were violated.
 {¶ 19} The state urges, however, that strict interpretation of the speedy trial provisions is not in the "best societal interest" because it "would allow [a]ppellant, a convicted criminal, to again roam the streets and offer a potential threat to society." We recognize the state's concerns; however, the Ohio Supreme Court specifically addressed this issue in Mincy. "We are reluctantly mindful that our decision requires that appellee, convicted by a jury of a serious offense, be discharged and that another prosecution, on this charge is barred. R.C.2945.73(D). However, we are equally mindful that we have consistently held that the speedy trial statutes are mandatory and must be strictly construed." Mincy at fn. 3, citing State v. Pachay (1980),64 Ohio St.2d 218, 221.
 {¶ 20} Accordingly, appellant's motion to dismiss should have been granted. Appellant's first assignment of error is sustained.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE TRIAL COURT ERRED AS THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION ON THE CHARGE OF BURGLARY."
 {¶ 23} In his second assignment of error, appellant challenges the sufficiency of the evidence for his burglary conviction. In light of the disposition of appellant's first assignment f error, appellant's second assignment of error is overruled as moot.
 {¶ 24} Judgment reversed and appellant is discharged.
 YOUNG, P.J., and POWELL, J., concur. *Page 1