[Cite as *State v. Morren*, 2024-Ohio-4528.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-022 |
| - vs - | : | O P I N I O N<br>9/16/2024 |
| | : | |
| SAMUEL MORREN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2023-5047

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Danielle E. Sollars, Assistant Prosecuting Attorney, for appellee.

Bieser, Greer & Landis, LLP, and Matthew M. Suellentrop, for appellant.

**HENDRICKSON, J.**

{¶ 1} Appellant Samuel Morren appeals his convictions in the Clinton County Court of Common Pleas for fourth-degree felony counts of pandering obscenity involving a minor.

{¶ 2} Local police began investigating Morren in November of 2022 after receiving a tip from the Internet Crimes Against Children Task Force Program (the "Task

Force"). The tip alleged Morren possessed and reproduced a photo of a nude minor on September 25, 2022. Police eventually identified Morren's address as the property where these images were possessed and reproduced. A search warrant was executed on March 15, 2023. Police seized Morren's computer and found numerous sexual images of minor children.

{¶ 3} On March 27, 2023, Morren was charged in municipal court via two separate complaints for pandering obscenity involving a minor. The complaints alleged the offenses occurred on September 25, 2022, same date alleged in the tip received by the police. A warrant was issued, and Morren was arrested on March 28, 2023. Morren remained incarcerated in lieu of bond at all times pertinent following his arrest. Eventually, the matters were bound over to the Clinton County Grand Jury.

{¶ 4} On June 9, 2023, 72 days after Morren's arrest, he was indicted with 40 additional counts of pandering obscenity involving a minor, all felonies. The indictment alleged that the offenses were committed on March 15, 2023, the same day the search warrant was executed at Morren's address. A warrant was issued, and it was served on Morren on June 12, 2023. Morren was arraigned on the charges on June 14, 2023 and his bond was set at $50,000.

{¶ 5} A pretrial hearing was held on June 20, 2023. At the time of the pretrial hearing, Morren had been incarcerated for 83 days. The trial court scheduled Morren's trial to begin on July 18, 2023. This date would be 111 days after Morren's arrest. The trial court's June 21, 2023 entry provided that the July 18, 2023 trial date was "the first reasonably available date on the court's docket."

{¶ 6} On June 30, 2023, Morren moved to dismiss the indictment, asserting that his right to a speedy trial had been violated as he had not been brought to trial within 90 days of his arrest as required by statute.

{¶ 7}   A hearing on the motion to dismiss was held on July 10, 2023.  At the hearing, it was determined the State had just provided additional discovery, and Morren's counsel moved to continue the July 18, 2023 trial to allow time to review the discovery and prepare for trial in the event the motion to dismiss was denied.  After the hearing, the trial court entered a scheduling order reflecting these events and vacating the jury trial.

{¶ 8}   During arguments on the motion, the trial court asked the prosecution why it did not wait to file all charges until a forensic analysis of Morren's electronics was completed.  In response, the prosecutor outlined the process of the Task Force.  When internet services from companies such as Google, Apple, Microsoft, and Meta (including Facebook) receive traffic they believe violates federal or state laws, that traffic is flagged, the IP address it came from is identified, and that information sent to local law enforcement of jurisdictions that participate in the program.

{¶ 9}   At that point, law enforcement may decide to obtain a warrant to seize electronics from an individual.  Due to the massive amounts of data stored in such devices, it can take significant time to access and review it all.  Essentially, the process is started by "one item" of information provided by the Task Force, and more pieces of information are provided through forensic investigation.

{¶ 10} In a written entry, the trial court denied the motion to dismiss.  The court found it had tolled the speedy trial deadline until at least July 18, 2023 as that was the earliest date on its docket available.  Due to defense counsel's previously stated need to review additional discovery and prepare for trial, a new pretrial date was set for July 19, 2023.  On that date, the trial court reset the jury trial to August 15, 2023.

{¶ 11} The next day, July 20, 2023, Morren filed a motion for a bill of particulars as well as a motion to compel discovery.  On July 27, the trial court, upon request from Morren's counsel, continued the jury trial again, and set a hearing on Morren's motions

for August 17, 2023. On August 17, Morren waived his right to a jury trial, and a bench trial was scheduled for September 26, 2023 which, according to the court's entry, was "the first reasonably available date on the court's docket consistent with the calendars of counsel and the court . . . ."

{¶ 12} On September 26, 2023, Morren entered no contest pleas to four fourth-degree felony counts of pandering obscenity involving a minor. All remaining charges, including the charges stemming from the criminal complaints, were dismissed. Morren was later sentenced to concurrent nine-month prison terms on each of the four offenses.

{¶ 13} On appeal, Morren raises two assignments of error that will be addressed together.

{¶ 14} FIRST ASSIGNMENT OF ERROR: TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON STATUTORY AND CONSTITUTIONAL SPEEDY TRIAL GROUNDS.

{¶ 15} SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER R.C. §2945.73(C)(2).

{¶ 16} Morren argues his state and federal constitutional rights to a speedy trial were violated and that the trial court erred in denying his motion to dismiss on speedy trial grounds.

{¶ 17} "Appellate review of speedy-trial issues involves a mixed question of law and fact." *State v. Kolle*, 2022-Ohio-2459, ¶ 13 (12th Dist.), citing *State v. Long*, 2020-Ohio-5363, ¶ 15. Appellate courts will not disturb the trial court's findings "supported by competent, credible evidence," but application of findings to the law is done de novo. *Id.*

{¶ 18} The Sixth Amendment to the United States Constitution as well as Article 1, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. Consistent with these constitutional mandates, R.C. 2945.71(C)(2) states an

individual charged with a felony shall be brought to trial within two hundred and seventy days of their arrest. The day of a defendant's arrest does not count toward this total, and every day a defendant is in jail is counted as three days. Ohio Crim. R. 45(A); *State v. Burgess*, 2004-Ohio-4395, ¶ 47 (11th Dist.); R.C. 2945.71(E). To assert the right to a speedy trial, a defendant must file a motion no sooner than 14 days before the trial deadline, and, if no time has been tolled, the State must bring a defendant to trial within 14 days of the date of the motion. R.C. 2945.73(C)(2).

{¶ 19} At the onset, we note that while Morren's speedy trial motion mentioned his federal and state constitutional rights to a speedy trial, the parties argued exclusively as to whether Morren's statutory right to a speedy trial was violated. The trial court confirmed at the hearing the parties were arguing only the speedy trial statute, and the trial court's decision discussed only the speedy trial statute. We have consistently held that "a party cannot raise new issues or legal theories for the first time on appeal because such issues or theories are deemed waived." *State v. Keating*, 2020-Ohio-2770, ¶ 27 (12th Dist.). As a result, we will consider only whether the trial court erred in denying Morren's motion to dismiss on statutory grounds. *State v. Jackson*, 2022-Ohio-4316, ¶ 20, fn. 2 (2nd Dist.).

{¶ 20} Turning to that argument, we conclude the trial court properly denied Morren's motion to dismiss due to the differing natures of the March 27 complaints and June 9 indictment. The Supreme Court of Ohio has held that when a defendant is subject to multiple indictments, the speedy trial deadline of the first indictment does not apply to the subsequent indictment if "the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment." *State v. Baker*, 78 Ohio St.3d 108, 111 (1997). Stated differently, "[a]dditional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation." *Id.*

{¶ 21} In *Baker*, a pharmacist was arrested for illegal sales of prescription drugs to police informants. *Id.* at 110. A week after his arrest, the pharmacist was indicted for illegal prescription drug sales. *Id.* At the same time, search warrants were executed to seize the pharmacist's business and financial records to determine if more illegal sales had occurred. *Id.*

{¶ 22} After reviewing the records, the pharmacist was named in a second indictment issued nearly a year after his initial arrest and nine months after the audit had been completed. *Id.* The pharmacist moved to dismiss the charges, claiming that the speedy trial time on the second indictment began to run at the time of his original arrest. *Id.* The Ohio Supreme Court disagreed and later observed, "*Baker* involved subsequent indictments, all of which were the result of the same investigation, but the charges were the direct result of different events on different dates." *State v. Parker*, 2007-Ohio-1534, ¶ 19. As a result, no speedy trial violation occurred. *Id.*; *Baker* at 111-112.

{¶ 23} Like *Baker*, Morren's criminal charges resulted from the same investigation but are based on different events. The March 27 complaints relate solely to the "one item" of internet traffic that occurred on September 25, 2022 and was flagged by the Task Force. The June 9 indictment, however, covers additional criminal acts that occurred on March 15, 2023. These criminal acts were also not mentioned in the Task Force tip and only discovered after reviewing the data in Morren's seized electronics. While law enforcement may have suspected they would discover more evidence of pandering obscenity involving a minor, "a subsequent [forensic review] confirming those suspicions was nevertheless an additional fact not known to the state at the time the original charges were filed." *State v. Redelman*, 2013-Ohio-657, ¶ 32 (12th Dist.), citing *State v. Brown*, 2012–Ohio–5903, ¶ 13 (10th Dist). Therefore, we conclude the June 9 indictment was not subject to the speedy trial deadline of the March 27 complaints.

{¶ 24} Upon review of the record, we note that it is evident the parties proceeded with the understanding that the speedy trial time for all charges in the June 9 indictment began to run from appellant's date of arrest on March 28, 2023. Nonetheless, even if the June 9 indictment was subject to the speedy trial deadline of the March 27 complaint, which it was not, Morren's speedy trial time was tolled on multiple occasions following his arrest. R.C. 2945.72 lists various reasons why the time to bring a defendant to trial may be tolled, including (1) a defendant's request for a continuance, (2) resolution of motions made by the defendant, and (3) "the period of any reasonable continuance granted other than upon the accused's own motion." Demands for discovery or a bill of particulars are also tolling events. *State v. Brown*, 2002-Ohio-7040, ¶ 26.

{¶ 25} Under R.C. 2945.72(H), the trial court may grant "reasonable" continuances on its own motion or the State's. When a trial court orders the continuance of a jury trial sua sponte, the trial court must file an entry before the speedy trial time has run, identify which party is charged with the continuance, and explain the reason for the continuance. *State v. Lovelace*, 2023-Ohio-339, ¶ 18 (12th Dist.), citing *State v. Noble*, 2008-Ohio-355, ¶ 15 (12th Dist.); *State v. Geraldo*, Ohio App.3d. 27, 31 (6th Dist.1983). The entry must "affirmatively [demonstrate] the necessity for a continuance and the reasonableness thereof." *Id.*, quoting *Aurora v. Patrick*, 61 Ohio St.2d 107, (1980). "[S]cheduling conflicts, crowded dockets, or the lack of an available courtroom, are reasonable bases necessitating a [sua sponte] continuance . . . ." *State v. Redelman*, 2013-Ohio-657, ¶ 24 (12th Dist.) (finding a 39-day continuance due to a crowded docket and the defense's need for further trial preparation was reasonable).

{¶ 26} Here, Morren was arrested on the original charges on March 28, 2023. Morren remained in custody the entire proceedings, meaning 90 days after the day following his arrest under R.C. 2945.71(E)'s three-day rule was June 27, 2023. If Morren

desired to have his trial by that date, he would have had to file his motion to dismiss on June 13, 2023, the earliest date permitted under Ohio's speedy trial statute. Instead, Morren filed the motion to dismiss on June 30, 2023, giving the State until at least July 14, 2023 to try Morren assuming no tolling events occurred.

{¶ 27} However, at the June 20, 2023 pretrial, prior to Morren's motion to dismiss, the trial court had already scheduled Morren's trial for July 18. The trial court's entry stated this was the earliest its docket would allow. Though the trial court could have more thoroughly explained why its docket could not allow a sooner trial date, we conclude this explanation was reasonable and constituted a tolling event. At the time of the pretrial hearing, Morren had been incarcerated for 83 days, meaning the State had seven days to try Morren assuming his trial did not occur on July 18, 2023 as scheduled.

{¶ 28} As outlined above, Morren's trial did not occur on July 18, 2023 for various reasons: (1) Morren's request for additional time to review discovery after denial of the motion to dismiss;[1] (2) his motions for a bill of particulars and to compel discovery; and (3) his waiver of a jury trial and request for a bench trial. Due to the fact these delays were at Morren's request or to resolve motions he filed, his speedy trial time remained tolled. Ultimately, at the time Morren pled on September 26, 2023, the State still had seven days to try Morren.

{¶ 29} In summary, Morren's speedy trial time was tolled by the trial court when it explained why it set the initial trial date outside the statutorily required 90 days as well as

---

1. Morren argues time should be charged against the State because it did not provide him with discovery more promptly, but review of the record shows Morren never requested discovery before filing a motion to compel on July 20, 2023. Ohio criminal procedure "intends a two-step discovery procedure. The party wishing to obtain information must first request it in writing from the other party. Upon an insufficient response, the requesting party must then timely move to compel discovery, certifying the original request and lack of proper response." *State v. Figueroa*, 2019-Ohio-3151, ¶ 13 (11th Dist.), quoting *City of Toledo v. Jackson*, 1996 WL 139481, *2 (6th Dist.). Morren's speedy trial time was not prejudiced by the State's alleged delays because he did not affirmatively request discovery until later in the case and subsequently requested more time to review the provided discovery.

Morren's counsel requesting a continuance of the trial date on multiple occasions and filing motions on his behalf.

{¶ 30} As a result of the foregoing, even assuming all of Morren's charges had the same trial deadline, no speedy trial violation occurred in this case. Morren's assignments of error are therefore overruled.

{¶ 31} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.